UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FTW, LLC,
    Plaintiff,

Case No. 1:13-cv-167
Litkovitz, M.J.

vs.

INGURAN, LLC, D/B/A/
SEXING TECHNOLOGIES,
    Defendant.

ORDER

This matter is before the Court on plaintiff's motion for joinder (Doc. 17) and defendant's memorandum in opposition (Doc. 18).

I. Background

Plaintiff FTW, LLC (FTW) instituted this action on February 13, 2013, by filing a complaint against defendant Inguran, LLC d/b/a Sexing Technologies (Inguran) in the Clinton County, Ohio Court of Common Pleas. (Doc. 2). Plaintiff brings claims against Inguran arising from the alleged breach of an agreement pursuant to which plaintiff agreed to provide certain livestock care and housing services to Inguran in exchange for payment by Inguran (hereafter, "Agreement"). (*Id.*). Plaintiff seeks judgment against Inguran in the amount of $96,169.06, plus interest, attorneys fees, and costs. (*Id.*).

Defendant Inguran removed the action to this Court on March 14, 2013, based on the Court's diversity jurisdiction. (Doc. 1). Defendant Inguran filed an answer to the complaint and a counterclaim on April 18, 2013, denying that FTW provided the agreed upon services to Inguran and that Inguran breached any obligation to FTW. (Doc. 10). For its counterclaim, Inguran asserts that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Texas, whose business activities include

artificially inseminating and selling cows for export to customers in foreign countries. (*Id.*, Counterclaim, ¶ 1). Inguran asserts that FTW's business activities include operating facilities to house and care for cattle. (*Id.*, ¶ 2). Inguran alleges that pursuant to the Agreement, FTW was initially obligated to supply feed for cattle owned by Inguran located at facilities in Ohio. (*Id.*). Inguran asserts that FTW later acquired the additional duties of housing and caring for Inguran cattle, which were usually held for several weeks prior to being exported to Inguran's customers. (*Id.*, ¶ 4). Inguran alleges that FTW managed Inguran cattle at facilities in Zainesville, Frazeysburg, Hillsboro, and New Vienna, Ohio, where FTW was obligated to properly feed the cattle and provide veterinary and other services. (*Id.*, ¶¶ 5, 6). Inguran contends that while its cattle were in FTW's care, FTW failed to properly feed the cattle and to seek proper veterinary care for the underfed and sickly cattle, which caused some of the cattle to die, including during transport overseas, and resulted in customers purchasing fewer cattle, demanding refunds, and cancelling future orders. (*Id.*, ¶¶ 7-13). Defendant Inguran seeks damages in excess of $500,000 for breach of contract based on FTW's failure to properly care for the cattle; tortious interference with business relationships, resulting in a termination and/or loss of Inguran's relationships with its customers; negligence based on FTW's breach of its duty to properly feed and otherwise care for Inguran's cattle; and unjust enrichment based on FTW's knowing retention of amounts paid by Inguran despite FTW's failure to provide services in exchange for the payments. (*Id.*, ¶¶ 14-34).

Plaintiff FTW filed an answer to the counterclaim on May 23, 2013. (Doc. 16). FTW asserted a number of defenses, including the defense that defendant Inguran had intentionally failed to join necessary and indispensable parties Alan Brinker, Monte Thompson, and Larry Baker, all of whom are Ohio residents and whose joinder would necessarily result in dismissal of

the action for lack of subject matter jurisdiction. (*Id.*, ¶ 37). Plaintiff also asserted the defense that defendant Inguran's damages were the direct result of its own acts of providing defective cattle and the intervening and/or superseding negligence and/or intentional acts of third parties over whom plaintiff exercised no control or responsibility. (*Id.*, ¶ 44).

## II. Motion for joinder

Plaintiff FTW filed its motion for joinder on May 23, 2013, the same date it filed its answer to the counterclaim. (Doc. 17). FTW moves pursuant to Fed. R. Civ. P. 13, 14 and 19 to: (1) add Brinker, Thompson and Baker as defendants to Inguran's counterclaim brought against FTW; and (2) add Brinker and Thompson as "Third-Party Defendants because they may be liable to FTW for some or all of the claims asserted against it." (*Id.* at 1). Plaintiff FTW asserts that complete relief cannot be afforded in the absence of the addition of Brinker, Thompson and Baker as parties, and their joinder is therefore mandated by Fed. R. Civ. P. 19(b). (*Id.*). In support of the motion for joinder, plaintiff makes two general allegations. Plaintiff alleges that Baker, not FTW, was responsible for Inguran's cattle during the incidents referenced in the counterclaim, and to the extent FTW bears any responsibility, Brinker and Thompson are the responsible parties. (*Id.* at 2). Plaintiff does not explain what role these individuals played in the incidents that form the basis for either the complaint or the counterclaim. Plaintiff has not submitted an amended complaint but states it will file the appropriate pleadings if it is granted leave to join these individuals as parties to the lawsuit. (*Id.*).

Defendant Inguran opposes plaintiff's motion for joinder. (Doc. 18). Inguran argues that federal law does not permit FTW to force Inguran to join Brinker, Thompson and Baker as defendants to its counterclaim. Inguran argues that instead, the most FTW can argue is that complete relief cannot be accorded among the existing parties unless another defendant to the

3

counterclaim is joined, in which case Inguran must be given an opportunity to amend its counterclaim to name any "indispensable" additional defendant. (*Id.* at 4).

## III. Federal law governing joinder of parties

Fed. R. Civ. P. 13 governs counterclaims and crossclaims. Rule 13(h) provides that the addition of a party to a counterclaim or crossclaim is governed by Fed. R. Civ. P. 19 and 20. Fed. R. Civ. P. 13(h). Rule 13(h) authorizes the court to join additional persons "only in order to adjudicate a counterclaim or cross-claim that is already before the court *or that is being asserted at the same time the addition of a nonparty is sought.*" *Various Markets, Inc. v. Chase Manhattan Bank,* 908 F. Supp. 459, 471 (E.D. Mich. 1995) (emphasis in original) (quoting *F.D.I.C. v. Bathgate,* 27 F.3d 850, 873-74 (3d Cir. 1994)). *See also Brown v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. (UAW)*, 85 F.R.D. 328, 333 (W.D. Mich. 1980) ("Rule 13(h) permits persons other than those made parties to the original action to be made parties to a cross-claim in accordance with the provisions of Rules 19 and 20. It is well established, however, that the cross-claim must include as cross-defendant at least one existing co-party."). Thus, under Rule 13(h), "a counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party." *Various Markets, Inc.,* 908 F. Supp. at 471 (quoting *F.D.I.C.*, 27 F.3d at 873-74) (citing Charles Alan Wright et al., Federal Practice and Procedure, Vol. 7A, § 1435, 270-71 (2d ed., West 1990)); *Brown,* 85 F.R.D. at 333 ("An additional party . . . may not be brought in where the cross-claim is directed solely against the new party.").

4

Rule 19 governs compulsory joinder. It provides, in pertinent part, as follows:

(a) Persons Required to Be Joined if Feasible.

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
. . . .

(b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:
(A) protective provisions in the judgment;
(B) shaping the relief; or
(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19.

A three-part test applies to determine whether a party is indispensable under Rule 19: (1) whether the person is a necessary party under Rule 19(a); (2) if the person is a necessary party, whether joinder of that person will deprive the court of subject matter jurisdiction; and (3) if joinder is not feasible because it will deprive the court of its ability to hear the case, whether an

analysis of the Rule 19(b) factors shows the court should "in equity and good conscience dismiss the case because the absentee is indispensable." *Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 43-44 (6th Cir. 2012) (citing *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004)). "A party is necessary under Rule 19 if either (1) in the party's absence, the court cannot accord complete relief among existing parties, Fed. R. Civ. P. 19(a)(1)(A), or (2) if the party claims an interest relating to the subject of the action and disposing of the action in the party's absence may (i) as a practical matter impair or impede the party's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring multiple or otherwise inconsistent obligations because of the interest, Fed. R. Civ. P. 19(a)(1)(B)." *Id.*

Rule 20 governs permissive joinder. It provides that persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Fed. R. Civ. P. 14 governs the addition of third-party defendants who may be liable to the third-party plaintiff for part or all of the damages claimed by the original plaintiff. Rule 14 states, in pertinent part:

> (1) Timing of the Summons and Complaint. A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a). Rule 14(b) provides that when a claim is asserted against a plaintiff, "the plaintiff may bring in a third party" if Rule 14 would allow a defendant to do so. Fed. R. Civ. P. 14(b).

6

It is not necessary for a party who files a third-party complaint within fourteen days after serving the original answer to obtain leave of court; however, a party who attempts to implead a party after that period must "by motion, obtain the court's leave" to do so. Fed. R. Civ. P. 14(a). The better practice is for the third-party plaintiff who seeks leave to file a third-party complaint to attach the third-party summons and complaint to its motion for leave to file same so that the court can assess whether leave is properly granted. *Liberty Folder v. Curtiss Anthony Corp.*, 90 F.R.D. 80, 84 (S.D. Ohio 1981).

Both Rule 13 and Rule 14 are remedial and are construed liberally. *LASA Per L'Industria Del Marmo Soc. Per Azioni v. Alexander, C.A.*, 414 F.2d 143, 146 (6th Cir. 1969). The intent of both Rule 13 and Rule 14 is to "avoid circuitry of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and evenhanded justice expeditiously and economically." *Id.* (citation omitted). The preference is for the rights of all parties to the controversy to be adjudicated in a single action. *Id.* at 147.

### IV. Resolution

In its motion for joinder, plaintiff does not identify Brinker, Thompson and Baker beyond naming them and providing their addresses. Nor does plaintiff explain their role in the incidents that form the basis for the complaint or the counterclaim. Plaintiff simply asserts that it seeks to add these individuals as defendants to the counterclaim that defendant Inguran has asserted against FTW. Plaintiff FTW further states that it seeks to add two of the three individuals - Brinker and Thompson - as third-party defendants on the ground they may be liable for all or some of the claims asserted against FTW. Plaintiff alleges that joinder of all three individuals is mandated by Fed. R. Civ. P. 19(b) because these individuals are necessary parties to the litigation in whose absence complete relief cannot be afforded. Plaintiff has not proffered an

amended complaint with its motion for joinder but instead asserts that it will file the "appropriate pleadings" if it is granted leave to join these individuals as parties to the lawsuit. (Doc. 17).

Plaintiff's motion for joinder is not well-taken. First, plaintiff has not cited, and the Court is not aware of, any authority under which the Court could compel Inguran to name additional defendants to its counterclaim. Plaintiff alleges that the joinder of Brinker, Thompson and Baker is mandated by Rule 19 because they are necessary parties to the litigation in whose absence complete relief cannot be afforded. (Doc. 17 at 1). However, Rule 19 makes no provision for mandatory joinder of an additional defendant by an unwilling plaintiff or counterclaimant. *See Stanley v. Darlington County School Dist.,* 84 F.3d 707, 714 (4th Cir. 1996) (finding the federal rules "do not authorize a defendant to compel an unwilling plaintiff to assert a claim against a second defendant") (citing *Muir v. U.S. Steel Corp.*, 41 F.R.D. 428 (E.D. Pa. 1967) (stating that the Court knew of "no basis for permitting a defendant in any case to use Rule 19 to compel joinder of other defendants.")). Instead "[t]he most that a defendant can accomplish by invoking Rule 19 is to obtain an order dismissing the complaint if plaintiff fails to join additional parties." *Muir,* 41 F.R.D. at 430 (citing *Humphrey v. Stanolind Oil & Gas Co.*, 232 F.2d 925 (5th Cir. 1956)). *See also Stanley*, 84 F.3d at 714 (finding that the most a defendant can do is argue under Fed. R. Civ. P. 19(a) that complete relief cannot be afforded without joinder of the second defendant, and if the court agrees, plaintiff is given the choice under Fed. R. Civ. P. 19(b) of amending its complaint to name the indispensable second defendant or having its complaint dismissed). Accordingly, plaintiff FTW is not authorized to compel Inguran to join Brinker, Thompson and Baker as defendants to Inguran's counterclaim pursuant to Fed. R. Civ. P. 19(b). In any event, the Court is unable to discern whether the criteria for compulsory joinder are met here in the absence of factual allegations that explain the

role these individuals played in the events giving rise to the lawsuit and their relation to the existing parties, and absent information concerning applicability of the Rule 19(b) factors.

Plaintiff also seeks to join Brinker and Thompson as third-party defendants to the lawsuit because they may be liable to FTW on some or all of the claims asserted against FTW in Inguran's counterclaim. (Doc. 17 at 1). To the extent FTW seeks to bring claims against Brinker and Thompson under Rule 13, new parties cannot be joined to the lawsuit pursuant to Fed. R. Civ. P. 13(h) for adjudication of a crossclaim against them unless there is a crossclaim already before the Court or there is a crossclaim being asserted in connection with FTW's request to add the third parties. *See Various Markets*, 908 F.Supp. at 471. A crossclaim is not pending before the Court and plaintiff FTW has not asserted a crossclaim in connection with the motion for joinder. Furthermore, although Rule 14 authorizes FTW as third-party plaintiff to assert claims against third-party defendants who may be liable to FTW if it is found liable to Inguran on its counterclaim, plaintiff has neither moved for leave to serve a summons and complaint on the individuals it seeks to add as third-party defendants nor proffered an amended complaint as contemplated under Rule 14. *See Roe v. Bryant & Johnson Co.*, 193 F.Supp. 804, 805 (W.D. Mich. 1961). Accordingly, the Court is unable to discern whether, as plaintiff asserts, any individual FTW seeks to add as a third-party defendant may be liable to FTW for all or part of Inguran's counterclaim against FTW. *See* Fed. R. Civ. P. 14. In addition, absent a proffered third-party complaint, it is impossible to know whether FTW has a right to relief against these individuals under the applicable substantive law. *See Bryant & Johnston Co.*, 193 F.Supp. at 805 (Rule 14 is procedural only and the substantive rights of a third-party plaintiff must be determined by applying the appropriate state law) (citation omitted).

Nonetheless, although plaintiff's motion is deficient, joinder of Brinker and Thompson as third-party defendants is not necessarily precluded under the federal rules and the substantive law that governs the parties' claims. Accordingly, consistent with the intent of the rules governing joinder to avoid multiplicity of lawsuits and foster judicial economy, *see LASA Per L'Industria Del Marmo Societa Per Azioni,* 414 F.2d at 143, the Court will not deny plaintiff FTW the opportunity to join these two individuals as third-party defendants to the lawsuit and to bring crossclaims against them. Instead, insofar as plaintiff seeks to assert crossclaims against Brinker and Thompson, the Court will deny plaintiff's motion for joinder without prejudice to resubmission as a motion for leave to serve a summons and third-party complaint upon Brinker and Thompson pursuant to Fed. R. Civ. P. 14, with a proposed third-party complaint attached to the motion for the Court's review.

## IT IS THEREFORE ORDERED THAT:

Plaintiff FTW's motion for joinder (Doc. 17) is **DENIED** without prejudice to resubmission, within **twenty-one (21) days** of the date of this Order, as a motion for leave to serve a summons and third-party complaint upon Alan Brinker and Monte Thompson pursuant to Fed. R. Civ. P. 14. Plaintiff shall attach a copy of the proposed third-party complaint to its motion for the Court's review.

**IT IS SO ORDERED.**

Date: 8/22/13

Karen L. Litkovitz
United States Magistrate Judge